# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LOEB FINANCIAL SERVICES, LLC**, an Illinois limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14 C 2214 ) |
| **PLASTIC SYSTEMS, LLC**, a Michigan limited liability company; et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

On April 4, 2014 this Court issued a brief memorandum order that required counsel for plaintiff Loeb Financial Services, LLC ("Loeb") to comply with this District Court's LR 5.2(f) by delivering the required Judge's Copy of Loeb's Complaint to this Court's chambers. When this Court then received that belatedly-delivered document, it found that limited liability company Loeb had sued seven other limited liability companies as well as one individual defendant, attempting to invoke federal jurisdiction on diversity-of-citizenship grounds.

This Court's prompt review of the Complaint revealed that Loeb's counsel had somehow managed not to identify the citizenship of even one of the nine parties: Complaint ¶ 10 spoke only of the individual defendant's residence rather than his state of citizenship, while every one of the eight limited liability companies was referred to only in terms of irrelevancies -- their respective states of organization and their respective primary places of business. Accordingly this Court swiftly dictated, had transcribed and signed an April 10 memorandum order ("Order")

that dismissed this action.[1]  As in the past, however, this Court was reluctant to put Loeb and its counsel through the tasks required to file a brand new lawsuit (assuming of course that the defects referred to the Order were curable), so the final paragraph of the Order stated in part:

> Accordingly not only Loeb's Complaint but also this action are dismissed (cf. Held v. Held, 137 F. 3d 998, 1000 (7th Cir. 1998)), with Loeb and its counsel jointly obligated to pay a fine of $400 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.

This Court therefore marked May 12, 2014 on its calendar for follow-up purposes.  Then, having seen nothing from Loeb's counsel at the end of last week, this Court had the docket checked and discovered to its dismay that someone in the Clerk's Office system had failed to enter the Order -- it did not show up on the docket at all!  Hence the Order is attached to this memorandum order and is issued effective today on the same terms and conditions.  That means that the Complaint and this action are dismissed as of May 12, 2014, that the 28-day clock established by Fed. R. Civ. P. 59(e) begins to tick today and that any cure of the defects identified in the Order that may be made on or before June 9, 2014 must be accompanied by a $400 check payable to the District Court Clerk as a fine.

                                                */s/ William D. Shadur*
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  May 12, 2014

---

[1] As the Order stated, a full decade ago our Court of Appeals directed in Adams v. Catrambone, 359 F. 3d 858, 861 n.3 (7th Cir. 2004) -- reconfirming the teaching in earlier Seventh Circuit caselaw -- that "when the parties allege residence but not citizenship, the district court must dismiss the suit."

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **LOEB FINANCIAL SERVICES, LLC**, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14 C 2214 |
| **PLASTIC SYSTEMS, LLC**, a Michigan limited liability company; et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Limited liability company Loeb Financial Services, LLC ("Loeb") has brought this action against seven other limited liability companies and individual defendant Steven Belleville ("Belleville"), seeking to invoke federal jurisdiction on diversity grounds. Because that effort is impermissibly flawed, so that Loeb has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte memorandum opinion and order dismisses both the Complaint and this action on jurisdictional grounds -- but with the understanding that if the present flaws can be cured promptly, the action can then be reinstated for a reasonable price.

First as to individual defendant Belleville, Complaint ¶ 10 speaks only of his <u>residence</u>, even though by definition the diversity required by 28 U.S.C. § 1332(a) relates to the litigants' states of <u>citizenship</u>. On that last score our Court of Appeals has taught in <u>Adams v. Catrambone</u>, 359 F. 3d 858, 861 n.3 (7th Cir. 2004) that "when the parties allege residence but not citizenship, the district court must dismiss the suit."

Until about five years ago this Court was content simply to identify such failures to the errant plaintiffs' lawyers in pursuance of its mandated obligation to "police subject matter

jurisdiction sua sponte" (Wernsing v. Thompson, 423 F. 3d 732, 743 (7th Cir. 2005)). But even though the Adams "must dismiss" mandate may seem Draconian, surely courts are entitled to expect more from counsel who institute what appears to be a major piece of commercial litigation.

Even so, if that were the only problem posed by Loeb's Complaint this Court might be prepared to give Loeb's counsel a brief opportunity to cure that flaw (after all, most often -- though not always -- a person's residence does coincide with his or her state of citizenship). But in this instance Loeb's counsel have also committed the pleading equivalent of a mortal sin (as contrasted with a merely venial sin), for the allegations in Complaint ¶¶ 2-9 speak only of the states of organization and the primary places of business of Loeb and the eight limited liability company defendants, facts that are jurisdictionally irrelevant when such companies are involved. Those allegations ignore nearly 16 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F. 3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified for example by White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F. 3d 684, 686 (7th Cir. 2011) and by other cases cited there). And that teaching has of course been echoed many times over by this Court and its colleagues.

Once again, Wernsing teaches this Court's mandated obligation to "police subject matter jurisdiction sua sponte." There is really no excuse for counsel's lack of knowledge of such a firmly established principle after its repetition for more than a decade and a half by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Loeb's Complaint but also this action are dismissed (cf. Held v. Held, 137 F. 3d 998, 1000 (7th Cir. 1998)), with Loeb and its counsel jointly obligated to pay a

fine of $400 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[1] Because this dismissal is attributable to Loeb's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

                                                    _/s/ William D. Shadur_
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: April 10, 2014

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable. And with the added factor (beyond the general appropriateness of a sanction for inadequate lawyering) that such a new action would necessitate a new copying job (for the Complaint and its bulky exhibits are nearly an inch thick), Loeb and its counsel are scarcely in a position to urge that such a requirement is itself unduly oppressive.